**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AARON JONES,<br><br>Plaintiff,<br><br>v.<br><br>NJTA/EZPASS NJ *et al.*,<br><br>Defendants. | Civil Action No. 22-3394 (MAS) (RLS)<br><br>**AMENDED MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court on two motions to dismiss the Amended Complaint of *pro se* Plaintiff Aaron Jones ("Plaintiff"). Defendant Charles Fausti ("Fausti") of the Port Authority of New York and New Jersey (the "Port Authority") moved to dismiss Plaintiff's original complaint (ECF No. 17), Plaintiff opposed (ECF No. 18), and Defendant Fausti replied (ECF No. 20). Subsequently, Defendant Dianne Gutierrez-Scaccetti ("Scaccetti") and the New Jersey Turnpike Authority (the "NJTA")[1] moved to dismiss the original complaint. (ECF No. 27.) Plaintiff then filed an Amended Complaint (ECF No. 28), which the Court deemed the operative pleading, and the Court instructed the parties to submit supplemental briefing as to the motions to

---

[1] Although purportedly named as a defendant, "E-ZPass" is not an entity with an independent corporate existence. Rather, it is a trade name utilized by NJTA and other member government agencies participating in the toll collection and monitoring system. The New Jersey Administrative Code defines E-ZPass as an "Electronic toll collection system" ("ETC System"), which is an electronic system "employed or utilized by the [NJTA] to register and collect the toll required to be paid for a vehicle entering a toll plaza owned and/or operated by, or upon the behalf of, the [NJTA]." N.J. Admin. Code § 19:9-9.1.

dismiss. Scaccetti and Fausti each filed supplemental letter briefs (ECF Nos. 32, 33), Plaintiff opposed (ECF No. 34), and Scaccetti and Fausti each replied (ECF Nos. 37, 38). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons set forth below, the Court grants both motions to dismiss; Plaintiff's claims are dismissed without prejudice. Plaintiff may amend his complaint consistent with the dictates of this Order within 30 days.

I.  **BACKGROUND**

Plaintiff filed this *pro se* action in response to attempts by the NJTA and the Port Authority to collect unpaid highway tolls and fees owed by Plaintiff. (*See* Am. Compl. ¶ 1, ECF No. 28.) Fausti is the Program Director for E-ZPass and Revenue Management at the Port Authority. (*Id.* ¶ 5.) Scaccetti is the Commissioner of the NJTA. (*Id.* ¶ 3.)[2]

According to Plaintiff, Defendants "collectively or independently, using interstate commerce and the mails ALL with or without the collaboration of 'EZPASS' have devised a scheme to defraud." (*Id.* ¶ 6.) Plaintiff further alleges that "[w]ithout any contracts or laws granting them authority to do so, [D]efendants have attached a fee to liberty" by imposing tolls for travel on public roads. (*Id.* ¶¶ 6, 8.) Plaintiff highlights the right to interstate travel and attaches various invoices from the NJTA and Port Authority for unpaid tolls as evidence that Defendants are infringing upon that right. (*Id.* Exs. A-I.) Plaintiff claims that Defendants' conduct violates the U.S. Constitution and 18 U.S.C. §§ 245(b)(2)(E), 875(d), 876(d), and 1341. (*Id.* ¶ 15.) Plaintiff

---

[2] Plaintiff also filed suit against Dr. Minosca Alcantara ("Dr. Alcantara"), who is the Executive Director of the New York State Bridges Authority ("NYSBA"). (*Id.* ¶ 4.) The Court will address Dr. Alcantara's Motion to Dismiss (ECF No. 39) in a subsequent order. For purposes of this Memorandum Order, the Court will refer to Scaccetti and Fausti collectively as "Defendants."

seeks an injunction, disgorgement of Defendants' allegedly ill-gotten gains, and payment of civil penalties. (*Id.* ¶ 4.) Defendants now move to dismiss.[3]

## II.   LEGAL STANDARD

At any time, a defendant may move to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[4] *See* Fed. R. Civ. P. 12(b)(1), (h)(3). "A facial 12(b)(1) challenge, which attacks the complaint on its face without contesting its alleged facts, is like a 12(b)(6) motion in requiring the court to 'consider the allegations of the complaint as true.'" *Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). As such, district courts "must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

Courts undertake a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)) (alteration in original).  Second, the court must accept all of the plaintiff's well-pleaded factual allegations as true and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quotation omitted).  In doing so, the court is free to ignore legal conclusions or factually

---

[3] After Plaintiff filed the Amended Complaint, Defendants filed supplemental briefs in support of their motions to dismiss. In doing so, Fausti indicated that he adopted certain arguments set forth in Scaccetti's supplemental letter briefs.

[4] Hereinafter, all references to Rule or Rules refer to the Federal Rules of Civil Procedure.

unsupported accusations that merely state, "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[M]ere restatements of the elements of [a] claim[ ] . . . are not entitled to the assumption of truth." *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) (alterations in original) (quotation omitted). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). "The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citation omitted).

Where, as here, a litigant is proceeding *pro se*, all filings are "to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations and citations omitted). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Owens v. Armstrong*, 171 F. Supp. 3d 316, 328 (D.N.J. 2016) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)).

### III.  DISCUSSION

Defendants move to dismiss Plaintiff's Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6). Because Plaintiff has failed to allege facts sufficient to support a viable cause of action, the claims set forth in Plaintiff's Amended Complaint are dismissed.

As a preliminary matter, to the extent Plaintiff files suit against Scaccetti in her official capacity as NJTA Commissioner or the NJTA itself, those claims fail under the immunity afforded by the Eleventh Amendment. *See W. Funding, Inc. v. S. Shore Towing, Inc.*, No. 19-12853, 2022 WL 1081040, at *7 (D.N.J. Apr. 11, 2022) ("NJTA qualifies as an arm of the state and is therefore immune from suit under the Eleventh Amendment"). Such claims are, therefore, dismissed on

Eleventh Amendment immunity grounds.[5] *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996) (noting that "the Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction" and motions to dismiss based on that immunity are properly brought under Rule 12(b)(1)).

That said, Plaintiff's claims against Defendants are subject to dismissal under Rule 12(b)(6) for the independent reason that Plaintiff's Amended Complaint fails to state a claim. First, Plaintiff fails to state a claim for abridgment of his constitutional right to travel.[6] "[T]he right to travel is implicated in three circumstances: (1) when a law or action deters such travel; (2) when impeding travel is its primary objective; and (3) when a law uses any classification which serves to penalize the exercise of that right." *Weisshaus v. Port Auth. of N.Y. & N.J.*, 497 F. App'x 102, 104 (2d Cir. 2012) (quoting *Torraco v. Port Auth. of N.Y. & N.J.*, 615 F.3d 129, 140 (2d Cir. 2010)). But "travelers do not have a constitutional right to the most convenient form of travel, and minor restrictions on travel simply do not amount to the denial of a fundamental right." *Id.* As authorized by the courts and legislature, the Port Authority and NJTA legally collect tolls for the use of infrastructure under their respective domains. *See Wallach v. Brezenoff*, 930 F.2d 1070, 1071-72 (3d Cir. 1991) (rejecting claims that toll increases by Port Authority violated constitutional right to travel); N.J. Stat. Ann. § 27:23-25 ("No vehicle shall be permitted to make use of any highway project or part thereof operated by the New Jersey Turnpike Authority . . . except upon the payment of such tolls, if any, as may from time to time be prescribed by the Authority."). Plaintiff's allegations that Defendants lack the legal authority to assess tolls are, therefore, meritless.

---

[5] Fausti does not raise an Eleventh Amendment immunity defense and moves to dismiss only under Rule 12(b)(6).

[6] The Court construes Plaintiff's claim for violation of his constitutional right to travel as having been brought against Defendants pursuant to 42 U.S.C. § 1983.

Moreover, because Plaintiff merely challenges the inherent authority of Defendants to charge tolls, the Court finds Plaintiff does not set forth sufficient allegations to contest the reasonableness of such tolls under the Commerce Clause. *See Nw. Airlines, Inc. v. County of Kent, Mich.*, 510 U.S. 355, 369 (1994) (finding a fee is reasonable under the Commerce Clause "if it (1) is based on some fair approximation of use of the facilities, (2) is not excessive in relation to the benefits conferred, and (3) does not discriminate against interstate commerce"). Thus, Plaintiff's constitutional claims are dismissed. *See Weisshaus*, 497 F. App'x at 104 (affirming "the district court's dismissal of [*pro se* plaintiff's] constitutional claims to the extent that they were brought as a challenge to the Port Authority's imposition of tolls, regardless of amount").

Second, Plaintiff fails to state a claim for an unlawful scheme to defraud under the statutes cited in the Amended Complaint or otherwise. Plaintiff purports to bring his claims under certain federal criminal statutes, including 18 U.S.C. § 245 (Federally Protected Activities); 18 U.S.C. § 875 (Interstate Communications); 18 U.S.C. § 876 (Mailing Threatening Communications); and 18 U.S.C. § 1341 (Mail Fraud). (*See* Am. Compl. ¶ 15.) However, these criminal statutes do not provide Plaintiff with a private right of action for alleged violations, but rather set forth a basis for federal prosecution. *See Jones v. TD Bank*, 468 F. App'x 93, 94 (3d Cir. 2012) ("To the extent that [the plaintiff] attempted to sue under the Federal Mail Fraud statute, 18 U.S.C. § 1341, he lacked a private right of action to do so."); *D'Ambly v. Exoo*, No. 20-12880, 2021 WL 5083816, at *9 (D.N.J. Nov. 1, 2021) ( "18 U.S.C. § 875 does not authorize a private cause of action"); *Carpenter v. United States*, No. 10-5319, 2010 WL 5239240, at *3 (D.N.J. Dec. 16, 2010) (dismissing claim brought under 18 U.S.C. § 245 because it "do[es] not give rise to a private cause of action"); *Gross v. Cormack*, No. 13-4152, 2013 WL 6624051, at *2 (D.N.J. Dec. 16, 2013) (finding no private right of action under 18 U.S.C. § 876). Further, despite Plaintiff's conclusory assertion that

6

Defendants engaged in a "scheme to defraud" him (Am. Compl. ¶ 5), the Amended Complaint is devoid of any indication that Plaintiff did not utilize toll roads, did not incur the tolls charged, or already paid the tolls Defendants sought to collect. Indeed, the invoices attached to the Amended Complaint appear to show lawful attempts to collect on toll violations, identifying the time, date, and location of the tolls at issue, in conjunction with Plaintiff's license plate number. (*See* Am. Compl., Exs. A-I.) As such, Plaintiff fails to establish any basis on which the Court could infer fraudulent conduct by Defendants.

Finally, to the extent Plaintiff intends to assert a claim against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), he cannot do so here. "To prevail on an FDCPA claim, a plaintiff must prove that (1) []he is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *St. Pierre v. Retrieval-Masters Creditors Bureau, Inc.*, 898 F.3d 351, 358 (3d Cir. 2018) (quoting *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014)). However, the Third Circuit has directly held that "toll liability thus does not constitute 'an[ ] obligation . . . primarily for personal, family, or household purposes,' and does not qualify as 'debt' under the FDCPA." *St. Pierre*, 898 F.3d at 364 (quoting 15 U.S.C. § 1692a(5)). Rather, "[l]ike taxes, highway tolls are imposed for public benefit and without reference to peculiar benefits to particular individuals or property." *Id.* (internal quotations and citation omitted). Thus, Plaintiff cannot maintain a cause of action under the FDCPA against Defendants for their attempts to collect on Plaintiff's unpaid toll liabilities.

For these reasons, and other good cause shown,

**IT IS**, on this 22nd day of June 2023, **ORDERED** as follows:

1. Defendants' motions to dismiss (ECF Nos. 17, 27) are **GRANTED**.

2. Plaintiff's claims are **DISMISSED** without prejudice.

3. Plaintiff may amend his complaint within 30 days of the date of this Order to cure the deficiencies identified herein.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

8